# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MEVERICK WADE PLAYER,** ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | **Case Numbers:** |
| vs. ) | **2:16-cv-8147-CLS** |
| ) | **2:97-cr-377-CLS-JHE** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This action is before the court on the motion filed by Meverick Wade Player to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. §2255.[1] Upon consideration of the motion and the parties' briefs,[2] this court concludes that Player's motion is due to be denied.

Player was convicted in this court of the following offenses: (1) bank robbery, in violation of 18 U.S.C. § 2113(a) & (d) (Count One); (2) carrying or using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count Two);

---

[1] *See* doc. no. 1 in case no. 2:16-cv-8147-CLS.

[2] *See* the following documents in case no. 2:16-cv-8147-CLS: 4 (Response to Player's § 2255 Motion); 5 (Reply to Government's Opposition to 28 U.S.C. § 2255 Motion); 10 (Supplemental Brief in Support of Mr. Player's § 2255 Motion); 11 (Supplemental Brief in Response to Player's § 2255 Motion); 12 (Supplemental Reply in Support of Player's 28 U.S.C. § 2255 Motion).

and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) & 924(e) (Count Three). He was sentenced on May 21, 1998, to imprisonment for a term of 300 months (25 years) as to Count One, and 327 months (27 years and 3 months) as to Count Three, separately, and with each count to run concurrently to the other. He also was sentenced to 60 months as to Count Two, to be served consecutively to the sentences for Counts One and Three.[3]

Player filed his first § 2255 motion to vacate, set aside, or correct sentence on April 20, 2000,[4] and that motion was denied on May 2, 2000.[5] He received permission from the Eleventh Circuit Court of Appeals on July 7, 2016, to file a second or successive petition that challenged *only* his sentence on the § 922(g)(1) charge.[6] A violation of that statute generally is punishable by a maximum sentence of ten years imprisonment. *See* 18 U.S.C. § 924(a)(2). Here, however, Player's sentence was enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), which provides, in pertinent part, that:

> In the case of a person who violates section 922(g) of this title and has *three previous convictions by any court referred to in section*

---

[3] *See* doc. no. 52 in case no. 2:97-cr-377-CLS-JHE (Judgment in a Criminal Case (For Offenses Committed On or After November 1, 1987)).

[4] Doc. no. 1 in case no. 2:00-cv-8020-CLS (Motion to Vacate, Set Aside, or Correct Sentence).

[5] Doc. no. 2 in case no. 2:00-cv-8020-CLS (Order Denying Motion to Vacate, Set Aside, or Correct Sentence).

[6] Doc. no. 86 in case no. 2:97-cr-377-CLS-JHE (Eleventh Circuit Order).

*922(g)(1) of this title for a violent felony* or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned *not less than fifteen years*, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (emphasis supplied).

At the time of Player's sentencing, the ACCA defined the term "violent felony" as follows:

> "any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

*Johnson v. United States*, 576 U.S. \_\_\_, 135 S. Ct. 2551, 2555-56 (2015) (quoting 18 U.S.C. § 924(e)(2)(B)) (emphasis in *Johnson*). Subdivision (i) is commonly referred to as the "elements clause," and the first part of subdivision (ii) is referred to as the "enumerated offenses clause." The italicized language in subdivision (ii) is referred to as the "residual clause" of the statute, and it was struck down by the Supreme

Court's 2015 *Johnson* decision as being unconstitutionally vague. *See id.* at 2557, 2563.[7]

The enhancement of Player's federal sentence was based upon his four previous convictions for robbery in the State of Alabama.[8] Player asserts that the enhancement was improper, because the robbery convictions could only have been considered for enhancement under the residual clause of the ACCA, which is no longer valid after *Johnson*.

The Eleventh Circuit recently clarified the appropriate framework for determining whether a sentence was enhanced under the now-invalid residual clause:

> To prove a *Johnson* claim, a movant must establish that his sentence enhancement "turn[ed] on the validity of the residual clause." In other words, he must show that the clause actually adversely affected the sentence he received. *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016). Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

---

[7] The Supreme Court declared its holding in *Johnson* retroactive to cases on collateral review in *Welch v. United States*, – U.S. – , 136 S. Ct. 1257, 1265 (2016).

[8] *See* doc. no. 51 in case no. 2:97-cr-377-CLS-JHE (Pre-Sentence Investigation Report), at ¶ 36.

> Critical to our decision on the merits issue in this case is the burden of proof and persuasion. The Government contends that a § 2255 movant bears the burden of proving that his sentencing enhancement was imposed because the sentencing court used the residual clause. Beeman argues that if it is merely possible that the court relied on that clause to enhance the sentence, then he has met his burden. We conclude, and hold, that, like any other § 2255 movant, a *Johnson* § 2255 claimant must prove his claim. To prove a *Johnson* claim, the movant must show that — more likely than not — it was use of the residual clause that led to the sentencing court's enhancement of his sentence. If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause.

*Beeman v. United States,* 871 F.3d 1215, 1221-22 (11th Cir. 2017) (footnotes omitted, alteration in original).

The Eleventh Circuit provided some examples of evidence from the sentencing record that might indicate whether the district court relied on the residual clause:

> Some sentencing records may contain direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to application of the ACCA in that case. Nor do we mean to suggest that there will not sometimes be sufficient circumstantial evidence to show the specific basis of the enhancement. For example, there could be statements in the PSR, which were not objected to, recommending that the enumerated clause and the elements clause did not apply to the prior conviction in question and did not apply to other prior convictions that could have served to justify application of the ACCA. Or the sentencing record may contain concessions by the prosecutor that those two other clauses do not apply to the conviction in question or others. And there could be other circumstances on which a movant can rely; the above are but a few examples. Each case must be judged on its own facts.

*Beeman*, 871 F.3d at 1224 n.4.

Here, Player and the United States agree that there is nothing in the record of the sentencing proceedings to indicate the clause under which Player's prior robbery convictions qualified for ACCA enhancement. Instead, Player argues that the state of the law at the time of his sentencing makes it clear that his sentence could only have been enhanced pursuant to the residual clause. *See id.* at 1224 n.5 ("[I]f the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause.") (alteration supplied). Unfortunately for Player, the Eleventh Circuit took the teeth out of that argument in March of this year, when it held that an Alabama robbery conviction "qualifies as a predicate offense under the elements clause [of the ACCA] because it requires force with the intent to overcome physical resistance." *In re Welch*, 884 F.3d 1319, 1324 (11th Cir. 2018) (alteration supplied); *see also* Ala. Code § 13A-8-41(a) ("A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he: (1) Is armed with a deadly weapon or dangerous instrument; or (2) Causes serious physical injury to another."); Ala. Code § 13A-8-43(a) ("A person commits the crime of robbery in the third degree if in the course of committing a theft he: (1) *Uses force* against the person of the owner or any person present with intent to overcome his

6

physical resistance or physical power of resistance; or (2) *Threatens the imminent use of force* against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.") (emphasis supplied).

Player responds that *Welch* was incorrectly decided, and that its relevance might be short-lived because the Supreme Court recently granted a writ of *certiorari* in a case involving a similar Florida statute. *See Stokeling v. United States,* – U.S. –, 138 S. Ct. 1438 (2018). This court declines Player's invitation to contravene the Eleventh Circuit's decision, or to speculate about what might become of it after the Supreme Court decides the *Stokeling* case.

Moreover, the *Welch* decision represents not only the current state of the law, but also the state of the law in 1998, when Player was sentenced. *See Beeman*, 871 F.3d at 1224 n.5 (stating that the relevant question is one of "historical fact: was [Player] *in* [*1998*] sentenced solely per the residual clause?" (alterations and emphasis supplied)). There is no indication that the law on this topic changed in the last twenty years. Instead, the best that can be said is that it was unclear at the time of Player's 1998 sentencing whether his prior convictions for Alabama robbery would have been considered under the elements clause of the ACCA, the residual clause, or possibly both. *Welch* merely resolved that uncertainty.

Player has failed to satisfy his burden under *Johnson* of proving that, more likely than not, the sentencing court relied upon the residual clause to enhance his sentence. *See Beeman*, 871 F.3d at 1225 (citations omitted) ("Where, as here, the evidence does not clearly explain what happened . . . the party with the burden loses."). Because he had at least three prior convictions that qualified for enhancement as violent felonies under the elements clause, his sentence was properly enhanced under the ACCA, and his § 2255 motion is due to be denied. An appropriate order will be entered contemporaneously herewith.

DONE this 16th day of November, 2018.

*/s/ Lynwood Smith*
_____
United States District Judge